# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| MONTE LEE MCKEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19CV1 HEA |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Monte Lee McKee for leave to commence this civil action without prepayment of the filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement in support of his motion. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his inmate account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual

allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at the Northeast Correctional Center (NCC) in Bowling Green, Missouri. (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983. The sole named defendant is the State of Missouri. The complaint is handwritten on a Court-provided civil complaint form. There are a number of grievances attached to the complaint, which will be treated as part of the pleading.[1]

The focus of plaintiff's complaint is the nineteen days he allegedly spent on a bunk in NECC's day room. (Docket No. 1 at 5; Docket No. 1-3 at 2). He states that the bunks in the day

---

[1] "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

room present safety issues and are a fire hazard. At night, he cannot sleep because of the noise and "nightmares of [getting] hurt." (Docket No. 1-3 at 2). He asserts that the bunks in the day room are illegal, and that the Department of Corrections has not provided adequate space. (Docket No. 1 at 2; Docket No. 1-3 at 8). He further claims that NECC is violating its own policies by not providing him a cell based on his offender classification. (Docket No. 1-3 at 3). Plaintiff notes that the bunks in the day room have since been removed, an action that he attributes to the federal government. (Docket No. 1-3 at 5).

Plaintiff also makes a number of other complaints unconnected to the placement of bunks in the day room. He states that his recreation time – and the recreation time of other inmates – is often late and sometimes cancelled. (Docket No. 1-3 at 1). He accuses unnamed correctional officers of sleeping on duty, playing video games at work, bringing in contraband cigarettes, and not checking on inmates often enough. (Docket No. 1 at 5; Docket No. 1-3 at 2). He also claims that there is too much dirt in the air due to buildup in the vents. (Docket No. 1-3 at 2). Finally, he states that it took him months to get a medical appointment for a prostate issue, and that the treatment they prescribed did not work. (Docket No. 1-3 at 6).

Plaintiff seeks $10,000 a day for the time he was housed in the day room bunks. (Docket No. 1 at 5). In the attached grievances, plaintiff further states that he is seeking release, along with compensation. (Docket No. 1-3 at 1).

**Discussion**

Plaintiff brings this action against the State of Missouri pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated when he had to spend nineteen days sleeping on a bunk in the day room. He also complains about his amount of recreation time, the attentiveness of the correctional officers, the dirtiness of the facility, and the treatment he

4

received for his prostate issue. Having thoroughly reviewed and liberally construed plaintiff's complaint, and for the reasons discussed below, the Court must dismiss this action because the State of Missouri is not a § 1983 person and is immune from suit. Furthermore, plaintiff fails to state a claim because his allegations do not assert constitutional violations and are conclusory and speculative in nature.

### A. Defendant State of Missouri

Plaintiff has not stated a claim against the State of Missouri because it is not a person for purposes of § 1983. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Here, plaintiff is seeking money damages from the State of Missouri. As Missouri is not a § 1983 person, he has failed to state a claim.

Moreover, plaintiff's suit against the State of Missouri is barred by the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 889 F.3d 483, 485

5

(8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from suing a state in federal court"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a State waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

The United States Supreme Court has determined that § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); and *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Furthermore, the State of Missouri has not waived its immunity for the types of claims plaintiff has raised. *See* Mo. Rev. Stat. § 537.600. As such, plaintiff's claims against the State of Missouri are barred.

### B. Plaintiff's Request for Release

Plaintiff states in the grievances attached to his complaint that he requests immediate release, along with compensation, for the alleged violation of his rights. To the extent that plaintiff is seeking release from his incarceration in a state prison, his claim is not cognizable in a § 1983 action. Rather, if plaintiff seeks release from custody, he must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973) (stating that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

### C. Failure to State a Claim

The sole defendant in this case is the State of Missouri. As explained above, the State of Missouri is not a "person" for purposes of § 1983 and is also immune from suit pursuant to the Eleventh Amendment. Accordingly, this action must be dismissed. Furthermore, for the reasons discussed below, plaintiff's allegations also fail to state a claim.

#### i. Day room bunks claim

Plaintiff's claim that he had to spend nineteen days sleeping on a bunk in the dayroom, rather than in a cell, does not state a constitutional violation. There is no absolute Eight Amendment right not to be put in a cell without bedding. *Williams v. Delo*, 49 F.3d 442, 445-46 (8th Cir. 1995). As there is no absolute right to bedding in the first place, it stands to reason that an inmate does not have a right to have the bed itself placed wherever he desires. It is worth noting that plaintiff does not allege that he was denied bedding entirely or that the bunk itself was inadequate. It is also worth noting, as plaintiff himself acknowledges, that the situation with

the day room bunks was temporary, allegedly lasting nineteen days. *See Goldman v. Forbus*, 17 Fed. Appx. 487, 488 (8th Cir. 2001) (stating there was no constitutional violation in plaintiff's two nights spent on a mattress on the floor near a toilet, since the stay was brief, he was allowed to leave the cell during the day, and he did not suffer any physical harm); and *Blackwell v. Selig*, 26 Fed. Appx. 591, 593 (8th Cir. 2001) (stating that plaintiff "sleeping on the floor on a four-inch thick mattress for five nights did not amount to an unconstitutional condition of confinement").

Plaintiff alleges that he could not sleep at night while in the day room bunk, due to the noise and his concerns. The constitution, however, does not mandate comfortable prisons. *Brown v. Nix*, 33 F.3d 951, 955 (8th Cir. 1994). Rather, the constitution is violated when the prisoner is deprived of the "minimal civilized measure of life's necessities." *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004). Plaintiff's assertions that he had to temporarily sleep on a bunk in the day room do not describe such a deprivation. Therefore, this allegation fails to state a claim.

### ii. Violation of prison policy claim

Plaintiff's claim that NECC was required to give him a bunk in a cell based on his offender classification fails to state a constitutional violation. An inmate has a liberty interest in the nature of his confinement, but not an interest in the procedures by which the state believes it can best determine how he should be confined. *Kennedy v. Blankenship*, 100 F.3d 640, 643 (1996). As such, "there is no constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Even assuming that NECC violated its own policies, such a violation does not bestow upon plaintiff a substantive constitutional right. Therefore, this allegation fails to state a claim.

### iii. Inadequate recreation claim

Plaintiff's claim that he is receiving inadequate recreation fails to state a constitutional violation. The Eighth Amendment may be violated if a prisoner can show that prison officials were deliberately indifferent to his exercise needs. *Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir. 1992). In determining whether an inmate has been deprived of adequate exercise, "courts must consider several factors including: (1) the opportunity to be out of the cell; (2) the availability of recreation within the cell; (3) the size of the cell; and (4) the duration of confinement." *Id*. at 449. To that end, requiring exercise in an enclosed area is not a per se violation of the Eighth Amendment. *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996). Furthermore, a limitation of out-of-cell exercise does not necessarily violate the constitution. *See Id*. (stating that a limitation of three hours per week did not amount to a constitutional violation); and *Wishon*, 978 F.2d at 449 (determining that 45 minutes of out-of-cell recreation a week did not violate constitution).

Here, plaintiff states that recreation starts late every day and is sometimes cancelled. However, he does not state how much time he is supposed to receive every week, nor does he provide any details as to how much recreation he is missing every week. This is insufficient to demonstrate that prison officials have been deliberately indifferent to his exercise needs. Therefore, this allegation fails to state a claim.

### iv. Sanitation and correctional officer claims

Plaintiff's claims of inadequate sanitation and inattentive correctional officers fail to state constitutional violations. Prison inmates are entitled to reasonably adequate sanitation. *See Whitnack v. Douglas Cty.*, 16 F.3d 954, 957 (8th Cir. 1994). A prisoner also has an Eighth Amendment right to be protected from violence at the hands of other inmates. *See Curry v. Crist*,

226 F.3d 974, 977 (8th Cir. 2000). However, plaintiff's allegations regarding the general conditions of NECC do not establish that these rights were violated. While plaintiff notes that NECC is dirty and accuses the correctional officers of unprofessionalism, he does not allege a personal injury or personal loss. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that a "prisoner cannot bring claims on behalf of other prisoners" and that a "prisoner must allege a personal loss"). That is, he does not allege that the sanitation or the actions of the correctional officers has harmed him. Instead, he engages in speculation that the conditions in the prison have created health or safety issues. This is not sufficient to establish the violation of his constitutional rights. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Therefore, this allegation fails to state a claim.

      **v.     Deliberate indifference claim**

Plaintiff's claim that his prostate problem has been treated with deliberate indifference fails to state a constitutional violation. To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed

medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). However, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, plaintiff alleges that he was having prostrate problems and that it took months for him to be seen for treatment, and that despite being prescribed an antibiotic, he is still suffering from pain. He does not allege any facts, however, indicating that a medical prover knew of and disregarded his medical needs. There are also no allegations that anyone intentionally delayed or denied his access to medical care. Therefore, this allegation fails to state a claim.

### D. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). This motion will be denied as moot as plaintiff's complaint is being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23r<sup>d</sup> day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE